```
 1 | NEAL M. COHEN (SBN 184978)
   | JAMES K. SAKAGUCHI (SBN 181010)
 2 | Vista IP Law Group LLP
   | 2040 Main Street, Suite 710
 3 | Irvine, California 92614
   | Tel: (949) 724-1849
 4 | Fax: (949) 625-8955
 5 | Attorneys for Plaintiff
   |     Vertical Doors, Inc.
```

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Vertical Doors, Inc. | ) ED CV 09-1099 JVS (ANx) |
|---|---|
| Plaintiff, | ) |
| v. | ) **JUDGMENT PURSUANT TO F.R.CIV.P.** |
| Sally Luu et. al | ) **RULE 79** |
| Defendants. | ) Honorable James V. Selna |

Pursuant to Rule 79 of the Federal Rules of Civil Procedure, judgment is hereby entered in the above-captioned action in favor of Vertical Doors, Inc. ("VDI") as follows:

Definitions

1. "Ivar Document 20090074605" means document number 20090074605 recorded in the Los Angeles County Recorder's Office on or about January 21, 2009.

2. "River Document 20070528453" means document number 20070528453 recorded in the Los Angeles County Recorder's Office on or about March 12, 2007.

3. "60th Street Document 2009-0030142" means document number 2009-0030142 recorded in the Riverside County Recorder's Office on or about January 22, 2009.

4. "Seaman Document 20071811822" means document number 20071811822 recorded in the Los Angeles County Recorder's Office on or about August 1, 2007.

 5.   "Whitmore Document 20071833329" means document number 20071833329 recorded in the Los Angeles County Recorder's Office on or about August 2, 2007.

 6.   **"The Ivar Property"** means the real property identified in Ivar Document 20090074605, commonly known as 4733 Ivar Avenue, Rosemead, California 91770.

 7.   **"The River Property"** means the real property identified in River Document 20070528453, commonly known as 2714 (and/or 2716, and/or 2718) River Avenue, Rosemead, California 91770.

 8.   **"The 60th Street Property"** means the real property identified in 60th Street Document 2009-0030142, commonly known as 9928 60th Street, Riverside, California, 92509.

 9.   **"The Seaman Property"** means the real property identified in Seaman Document 20071811822, and commonly known as 2004 Seaman Avenue, 2006 Seaman Avenue, and 9919 Rush Street, all on the same lot in South El Monte, California, 91733.

 10.  **"The Whitmore Property"** means the real property identified in Whitmore Document 20071833329, commonly known as 7917 - 7921 Whitmore Street, Rosemead, California 91770.

**COUNT 1**

Transfer of the **Ivar Property** as set forth in Ivar Document 20090074605, from Nick Hung Ip (a.k.a. Tony Yip) to Sally Luu, was a fraudulent transfer under Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05.  The transfer is therefore void as if it never occurred.

**COUNT 2**

Transfer of the **River Property** as set forth in River Document 20070528453, from Bill Yip and Nick Hung Ip (a.k.a. Tony Yip) to River Warehouse LLC, was a fraudulent transfer under Cal. Civ. Code § 3439.04(a)(2).  The transfer is therefore void as if it never occurred.

**COUNT 3**

Transfer of the **60th Street Property** as set forth in 60th Street Document 2009-0030142, from Johnnie Hung Yip to Richard Hung Yip and Mai Kim Chau, was a fraudulent transfer under Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05.  The transfer is therefore void as if it never occurred.

**COUNT 4**

Transfer of the **Seaman Property** as set forth in Seaman Document 20071811822, from Bill Yip to Whitmore LLC, was a fraudulent transfer under Cal. Civ. Code § 3439.04(a)(2).  The transfer is therefore void as if it never occurred.

**COUNT 5**

Transfer of the **Whitmore Property** as set forth in Whitmore Document 20071833329, from Bill Yip to Whitmore LLC, was a fraudulent transfer under Cal. Civ. Code § 3439.04(a)(2).  The transfer is therefore void as if it never occurred.

**All Counts 1-5**

Based on the findings and conclusions set forth above regarding Counts 1-5, VDI's causes of action under Cal. Civ. Code § 3439.04(a)(1) are moot as to all the subject

3

properties. Nonetheless, the following material facts are true, and require no further proof by VDI in the event VDI opts to rely on any or all of them for any reason relevant to this action or to enforcing or executing any Order of this Court, including but not limited to any situation wherein the causes of action under Cal. Civ. Code § 3439.04(a)(1) are found not to be moot:[1]

    3. Tony Yip is an alias for Nick Hung Ip;

    5. Tony Yip's transfer of his ownership interest in the Ivar Property to Sally Luu was to an insider; specifically, Sally Luu is his domestic partner and the mother of his two kids, and he is a beneficiary to her living trust.

    6. Tony Yip retained possession of the Ivar Property after he transferred his ownership interest in the Ivar Property to Sally Luu.

    7. Before Tony Yip transferred his ownership interest in the Ivar Property to Sally Luu, Tony Yip had been sued by VDI in two civil actions.

    8. Tony Yip's transfer of his ownership interest in the Ivar Property to Sally Luu was of substantially all of his assets.

    9. The timeline set forth in D.E. 39-26 is true and correct.

---

[1] The paragraph numbers used here correspond to the numbered facts taken from VDI's Statement of Uncontroverted Facts [D.E. 38].

10. Tony Yip's transfer of his ownership interest in the Ivar Property to Sally Luu occurred shortly before and shortly after substantial debts were incurred.

11. Tony Yip's transfer of his ownership interest in the Ivar Property to Sally Luu occurred a short time before VDI filed an application for contempt against Tony Yip, which was granted.

12. Tony Yip's transfer of his ownership interest in the Ivar Property to Sally Luu occurred a short time before judgment was entered in the Case. No. SA CV 05-905 JVS (ANx).

19. Sally Luu transferred her interest in the Ivar Property that she obtained from Tony Yip, to the Sally Luu Living Trust, on the same date she received Tony Yip's interest in the Ivar Property from Tony Yip.

20. Sally Luu is the trustee of the Sally Luu Living Trust.

21. Sally Luu did not receive a reasonably equivalent value in exchange for transferring her ownership interest in the Ivar Property that she received from Tony Yip, to the Sally Luu Living Trust.

24. Tony Yip's and Bill Yip's transfer of their ownership interest in the River Property to River Warehouse LLC was to an insider; specifically, River Warehouse, LLC was a company owned 100% by Bill Yip and controlled 100% by Bill Yip, and he manages the company by himself.

25. Tony Yip and Bill Yip retained possession of the River Property after they transferred their ownership interest in the River Property to River Warehouse LLC.

26. Before Tony Yip and Bill Yip transferred their ownership interest in the River Property to River Warehouse LLC, they had been sued by VDI in two civil actions.

27. Tony Yip's and Bill Yip's transfer of their ownership interest in the River Property to River Warehouse LLC was of substantially all of their assets.

29. Tony Yip and Bill Yip were insolvent at the time they transferred their ownership interest in the River Property to River Warehouse, LLC, or became insolvent as a result of the transfer.

30. Tony Yip and Bill Yip transferred their ownership interest in the River Property to River Warehouse, LLC shortly after trial in Case SA CV 05-905 JVS (ANx) was first continued, and then more than three months later, recorded the transfer with the Los Angeles County Recorder's office.

31. Tony Yip's and Bill Yip's transfer of their ownership interest in the River Property to River Warehouse, LLC occurred shortly after a substantial debt was incurred.

34. Johnnie Yip's transfer of his ownership interest in the 60th Street Property to Mai Kim Chau and Richard Hung Yip was to insiders; specifically, Richard Hung Yip is Johnnie Yip's brother and Mai Kim Chau is Richard Hung Yip's wife (Johnnie Yip's sister-in-law).

35. Before Johnnie Yip transferred his ownership interest in the 60th Street Property to Mai Kim Chau and Richard Hung Yip, Johnnie Yip had been sued by VDI in two civil actions.

6

36. Johnnie Yip's transfer of his ownership interest in the 60th Street Property to Mai Kim Chau and Richard Hung Yip was of substantially all of his assets.

39. Johnnie Yip's transfer of his ownership interest in the 60th Street Property to Mai Kim Chau and Richard Hung Yip occurred shortly before and shortly after substantial debts were incurred.

47. Bill Yip's transfer of his ownership interest in the Seaman Property to Whitmore, LLC was to an insider; specifically, he owns and is the boss of Whitmore, LLC.

48. Bill Yip's transfer of his ownership interest in the Whitmore Property to Whitmore, LLC was to an insider; specifically, he owns and is the boss of Whitmore, LLC.

49. Bill Yip retained possession of the Seaman Property after he transferred his ownership interest in the Seaman Property to Whitmore, LLC.

50. Bill Yip retained possession of the Whitmore Property after he transferred his ownership interest in the Whitmore Property to Whitmore, LLC.

51. Before Bill Yip transferred his ownership interest in the Seaman Property to Whitmore, LLC, Bill Yip had been sued by VDI in two civil actions.

52. Before Bill Yip transferred his ownership interest in the Whitmore Property to Whitmore, LLC, Bill Yip had been sued by VDI in two civil actions.

53. Bill Yip's transfer of his ownership interest in the Seaman Property to Whitmore, LLC was of substantially all of his assets.

54. Bill Yip's transfer of his ownership interest in the Whitmore Properties to Whitmore, LLC was of substantially all of his assets.

57. Bill Yip was insolvent at the time he transferred his ownership interest in the Seaman Property to Whitmore, LLC, or became insolvent as a result of the transfer.

58. Bill Yip was insolvent at the time he transferred his ownership interest in the Whitmore Properties to Whitmore, LLC, or became insolvent as a result of the transfer.

59. Bill Yip's transfer of his ownership interest in the Seaman Property to Whitmore, LLC occurred shortly after a substantial debt was incurred.

60. Bill Yip's transfer of his ownership interest in the Whitmore Properties to Whitmore, LLC occurred shortly after a substantial debt was incurred.

*****

Costs are awarded to VDI. The Court retains jurisdiction over the parties to enforce this judgment.

Respectfully submitted,

Dated: March 22, 2010

/nmcohen/
Neal M. Cohen
Vista IP Law Group LLP
Attorneys for Vertical Doors, Inc.

**DATED: March 30, 2010**

_____
Honorable James V. Selna
United States District Judge

8